UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. JONES,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN, USP-Atwater<br><br>    Respondent. | Case No. 1:21-cv-00933-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1, 13) |

  Petitioner, Brian L. Jones ("Petitioner"), a federal prisoner proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on June 15, 2021. (Doc. No. 1, Petition). Respondent filed a Motion to Dismiss the petition for lack of jurisdiction on October 13, 2021. (Doc. No. 13). Despite being directed file a response to the motion to dismiss within twenty-one days of service of Respondent's response, Petitioner elected not to file an opposition. (Doc. No. 4 at 2). For the following reasons, the undersigned recommends Respondent's Motion to Dismiss be granted, and the Petition be dismissed.[1]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# I. BACKGROUND

Petitioner, a federal prisoner, is serving a reduced[2] 300-month sentence for his 2008 conviction, after jury trial, for conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 entered by the U.S. District Court for the Southern District of Indiana ("SDIN").  *See* Case No. 3:07-cr-00024-RLY-CMM, Crim. Doc. No. 334.[3]  Because Petitioner had committed two prior felony drug offenses, the United States filed a prior felony information with the court pursuant to 21 U.S.C. § 851 thereby increasing his mandatory minimum sentence to life.  Crim. Doc. Nos. 154, 335.  In 2009, Petitioner originally received a mandatory life sentence followed by supervised release term of 10 years; and in 2010 Petitioner's conviction and sentence were affirmed on direct appeal.  Crim. Doc. No. 395; *United States v. Jones*, 600 F.3d 847 (7th Cir. 2010).

Petitioner filed several motions in the SDIN to vacate his conviction and sentence under 28 U.S.C. § 2255, including: a demand for retrial for ineffective assistance of counsel; a challenge to his sentence under *Mathis*;[4] and, upon receiving permission from the Seventh Circuit to file a successive motion under § 2255, a motion to vacate his sentence pursuant to *Johnson v. United States,* 576 U.S. 591 (2015) arguing that his sentence was unconstitutionally enhanced.  Crim Doc. Nos. 600, 707 (refiled and modified in 16-cv-00165-RLY, Doc. No. 1), 713.  All of Petitioner's § 2255 motions were denied.  Crim. Doc. Nos. 666, 714, 761.  In September 2019, Petitioner filed a motion for resentencing under § 404 of the First Step Act of 2018.  Crim. Doc. No. 813.  In March 2020, the SDIN found Petitioner eligible for a sentence reduction under the First Step Act, and the court considered whether a sentence reduction was warranted under the discretionary factors stated in 18 U.S.C. § 3553(a).  Crim. Doc. No. 850.  The SDIN noted that given Petitioner's "specific individual procedural history, [his] guideline range [was] 360 months to life imprisonment."  *Id*.  However, the court found that Petitioner's efforts to rehabilitate

---

[2] As noted *infra*, Petitioner was granted a reduced sentence under the First Step Act.
[3] The undersigned cites to the record in Petitioner's underlying SDIN criminal case as "Crim. Doc. No. _."
[4] *Mathis v. United States*, 136 S. Ct. 2243 (2016).

2

himself and his conduct in prison warranted a sentence reduction below the guideline range, and the SDIN reduced Petitioner's previously imposed life sentence to 300 months' imprisonment. *Id*.; see also Crim. Doc. No. 856 (denying Petitioner's motion to further reduce his sentence).

Under the guise of the instant § 2241 petition, Petitioner raises one ground for relief: because his "prior state convictions for dealing in cocaine" do not qualify as controlled substance offenses under § 4B1.2 under *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), he is actually innocent of the career offender enhancement. (Doc. 1 at 6). Petitioner argues § 2255 is inadequate to challenge his sentence as he could not have raised a claim in his previous § 2255 motions because *Mathis* is a case "of statutory and not constitutional construction," and he has not had an unobstructed shot to present his claim. (Doc. No. 1 at 4). Respondent, in its motion to dismiss, argues the Court lacks jurisdiction to review the § 2241 petition and the "escape hatch" of 28 USC § 2255 does not apply. (*See generally* Doc. No. 13).

## II. APPLICABLE LAW AND ANALYSIS

Although brought under the guise of § 2241, Petitioner challenges the legality of his sentence, which is properly brought via a § 2255 petition in the SDIN court of conviction. A § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id*. at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) not had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021). A prisoner cannot circumvent the limitations imposed on

3

successive petitions by restyling his petition as one under § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by bringing § 2255 claims in a § 2241 petition).

A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Here, Petitioner does not dispute the validity of his underlying conviction for conspiracy to possess with intent to distribute. Instead, Petitioner argues he is actually innocent of his career offender status because his two predicate offenses no longer qualify as controlled substance offenses under current caselaw, and therefore cannot be considered in determining whether he is subject to an enhanced sentence under the career offender provisions of USSG § 4B1.2. (Doc. No. 1 at 6).

While not argued with specificity in his petition, Petitioner attaches a copy of *Allen v. Ives* as support in making his claim of actual innocence. 950 F.3d 1184; (Doc. No. 1 at 9). In *Allen*, the Ninth Circuit found the petitioner stated a claim of actual innocence and qualified for escape hatch jurisdiction under § 2255(e) because his federal sentence was enhanced under the career offender provisions of USSG §§ 4B1.1 and 4B1.2, due to his underlying state-level controlled substance convictions. Petitioner Allen had been sentenced under the pre-*Booker*[5] mandatory sentencing framework in effect at the time of his sentencing. Petitioner Allen argued because one of his underlying convictions was not a predicate crime for career offender status under newly decided and retroactive Supreme Court case law (*Mathis v. United States*, 579 U.S. 500 (2016), *Descamps v. United States*, 570 U.S. 254 (2013)), he was actually innocent of being a career offender. The Ninth Circuit agreed, concluding that if petitioner's predicate conviction for career offender status under the mandatory sentencing guidelines no longer qualified as such, then the

---

[5] *U.S. v. Booker*, 543 U.S. 220 (2005).

4

factual predicate for petitioner's mandatory sentencing enhancement did not exist.

However, in *Shephard* the Ninth Circuit limited its holding in *Allen* to petitioners who "received a mandatory sentence under a mandatory sentencing scheme." *Shephard*, 5 F.4th at 1077. Here, unlike *Allen*, Petitioner was re-sentenced within a discretionary guideline range, not a mandatory sentencing scheme, and the SDIN exercised its discretion by considering § 3553(a) factors and reducing Petitioner's sentence below the guideline range. Crim. Doc. No. 850 (citing *United States v. Garrett*, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019) ("Under the First Step Act, the Court may 'exercise the full range of its discretion consistent with the Section 3553(a) factors.'")). Thus, Petitioner cannot show that he is actually innocent of his career offender status; and he fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e).

Because Petitioner has failed to demonstrate he is actually innocent, the Court need not address the "unobstructed procedural shot" prong of the escape hatch. *See Wilson v. Thompson*, 2022 WL 815334, at *4 (E.D. Cal. Mar. 17, 2022) *(citing Nichols v. Ciolli*, 2021 WL 3563092, at *3 (E.D. Cal. Aug. 12, 2021)); *Renderos v. Langford*, 2019 WL 1789879, at *4 (C.D. Cal. Apr. 24, 2019); *Nguyen v. Babcock*, 2012 WL 3756864, at *2 (E.D. Cal. Aug. 28, 2012) ("The court need not address whether petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that he did not, he has failed to show that he is actually innocent.").

Based on the foregoing, Petitioner has failed to satisfy the escape hatch criteria of § 2255, and this court lacks jurisdiction over the § 2241 petition. Because Petitioner has not been granted leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the petition to the SDIN for consideration as a § 2255 motion. The undersigned recommends that Respondent's motion to dismiss be granted and the § 2241 Petition be dismissed for lack of jurisdiction.

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 13) be GRANTED.
2. The Petition (Doc. No. 1) be DISMISSED.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A response to any Objections must be file within fourteen (14) of the date of service of the Objections.  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE